

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. C. Wilson
County Auditor
Gray County
Pampa, Texas

Dear Sir:

Opinion No. O-1202
Re: What is the compensation of a District Clerk Pro Tempore appointed under the provisions of Article 1896, R. C. S.?

Your request for opinion upon the above stated question has been received by this department.

Article 1896, Revised Civil Statutes of Texas, reads as follows:

"Where a district clerk is a party to any pending or proposed suit, motion or proceeding in his court, the district judge in whose court the same may be pending or proposed, shall, on application of any person interested, or on his own motion, appoint a clerk pro tempore for the purposes of such suit, motion or proceeding. Such temporary clerk shall take an oath to faithfully and impartially perform the duties of such appointment, and shall also enter into bond, payable to the State of Texas, in an amount to be fixed by the judge and to be approved by him, conditioned for the faithful performance of his duties under such appointment. Such appointee shall perform each duty required by law of the clerk in the particular suit, motion or proceeding in which he may be appointed."

The term "Pro Tempore" is defined in 50 Corpus Juris, page 417, as follows: "For the time being; temporarily; provisionally."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 1896, R. C. S. of Texas, supra, provides that the District Clerk Pro Tempore take an oath and enter into bond for the faithful performance of his duties under such appointment, and that such appointee shall perform each duty required by law of the clerk in the particular suit, motion or proceeding in which he may be entitled.

We are therefore of the opinion that a District Clerk Pro Tempore, although his tenure is temporary and provisional under Article 1896, Revised Civil Statutes, nevertheless is a District Clerk, and is entitled to the compensation allowed by law to District Clerks.

Your question, apparently, has never been passed on either by the courts or by this department, however, opinion No. 0-722 of this department passes upon a question, analogous in some respects.

Opinion No. 0-722, holds that in a county where the county officers are compensated on a salary basis, that a special county judge whether serving in a general capacity or in a probate capacity only should be compensated on the following basis:  the annual salary of the judge of the county court divided by 365 and the quotient multiplied by the number of days actually served by such special judge. The opinion further held that this compensation should be paid from the Officers' Salary Fund of the county. We enclose, herewith, a copy of opinion No. 0-722 of this department.

You are respectfully advised that it is the opinion of this department, that in counties where the District Clerk is compensated on a salary basis under the Officers' Salary Law, the Pro Tempore District Clerk appointed under the provisions of Article 1896, Revised Civil Statutes of Texas, should be compensated on the following basis:  the annual salary of the District Clerk should be divided by 365 and the quotient multiplied by the number of days actually served by such Pro Tempore District Clerk. This compensation should be paid to the Pro Tempore District Clerk from the Officers' Salary Fund. All fees and monies collected by the Pro Tempore District Clerk by virtue of his appointment and duties should be paid into the Officers' Salary Fund of the county.

You are further respectfully advised, that it is the opinion of this department, that in counties where the

District Clerk is compensated on a fee basis, the Pro Tempore District Clerk, would be entitled to collect, and retain as his compensation, all fees, costs and commissions earned by him as Pro Tempore District Clerk, in each cause, case or proceeding in which he served or participated. The fees, costs and commissions allowed him would be the same as legally allowed to the District Clerk for the same or similar services in other similar causes or proceedings.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

WmJF:ob

APPROVED AUG 15, 1939

ATTORNEY GENERAL OF TEXAS